**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

KAMUNDE A. SCOTT,                                  )
                                                   )
                    Movant,                        )
                                                   )
          v.                                       )          No. 1:20-cv-98-JAR
                                                   )
UNITED STATES OF AMERICA,                          )
                                                   )
                    Respondent.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence

brought pursuant to 28 U.S.C. § 2255. Because it appears the motion is untimely, the Court will

order movant to show cause why it should not be dismissed as such.

### Background

On September 18, 2017, movant, a United States citizen, pleaded guilty to one count of

felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States*

*v. Scott*, No. 1:17-cr-48-JAR-1 (E.D. Mo. Dec. 18, 2017). On December 18, 2017, the Court

sentenced movant to a term of 108 months' imprisonment, to be followed by three years of

supervised release. Movant did not appeal.

On April 13, 2020, movant filed the instant motion to vacate, set aside, or correct sentence

under 28 U.S.C. § 2255. Therein, he asserts that the recent Supreme Court case of *Rehaif v. United*

*States*, 139 S.Ct. 2191 (2019), allows for a new challenge to his conviction and sentence.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

### Discussion

Turning first to application of § 2255(f)(1), as a general matter, convictions become "final" upon conclusion of direct review. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id.*

Here, judgment was entered on December 18, 2017, and became final fourteen days later, on January 2, 2018. *See* Fed. R. App. P. 4(b)(1)(A) (providing for a 14–day period in which to file an appeal in a criminal case). Movant therefore had until not later than January 2, 2019 to file the instant motion. However, he did not file it until April 13, 2020. The motion therefore cannot be considered timely under 28 U.S.C. § 2255(f)(1).

Movant asserts that the motion is timely because he asserts rights under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and he filed the motion within one year of that decision. In *Rehaif*, the Supreme Court determined that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. 2191, 2194 (2019). The petitioner in *Rehaif* was inside the United States on a nonimmigrant student visa. *Id*. After he earned poor grades, his university dismissed him, and advised him of potential termination of his immigration status. *Id*. Rehaif subsequently shot firearms at a firing range, and the government prosecuted him for possessing firearms as an unlawful alien in the United States, in violation of § 922(g) and § 924(a)(2). *Id*.

Rehaif took his case to trial. *Id.* He was convicted, and sentenced to serve 18 months in prison. *Id.* He appealed, arguing that the judge erred by instructing the jury that it did not have to find that he knew he was in the country unlawfully. *Id*. at 2195. The United States Court of Appeals for the Eleventh Circuit affirmed Rehaif's conviction, determining that the jury instruction was correct. *Id*. The Supreme Court reversed, concluding that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

3

Like Rehaif, movant herein was sentenced under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). However, there are important factual dissimilarities between *Rehaif* and movant's case. Rehaif pleaded not guilty and elected to go to trial, where he was convicted by a jury. Movant, on the other hand, pleaded guilty. As part of that plea, he signed a plea agreement that set forth the elements of the offense, and admitted to knowingly violating Title 18, United States Code, Section 922(g)(1). Thus, the issue in *Rehaif* – that of the government's burden of proving that the defendant knows his status – is irrelevant here. *See Taylor v. Huggins*, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that *Rehaif* did not apply to petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike Rehaif, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); and *United States v. Shobe*, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that *Rehaif* had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm").

Additionally, in order for movant to receive the benefit of the statute of limitations in 28 U.S.C. § 2255(f)(3), the Supreme Court must have recognized a new constitutional right. There is no indication in *Rehaif* that the Supreme Court did so. Instead, the Supreme Court interpreted criminal statutes. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* decision did not announce a new rule of constitutional law, but rather clarified that "in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)…the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *Khamisi-El v. United States*, 2020 WL 398520, at *4 (6th Cir. 2020) (unpublished opinion) (stating that the rule

4

in *Rehaif* was "a matter of statutory interpretation, not a new rule of constitutional law"); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction, not the constitutional right to due process); and *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D. N.C. 2019) (stating that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Finally, even if the Supreme Court did announce a new rule, movant has not demonstrated that such rule has been made retroactively applicable to cases on collateral review. While not discussed in *Rehaif*, other courts addressing the issue have determined that *Rehaif* is not to be applied retroactively. *See Palacios*, 931 F.3d at 1315 (stating that even if *Rehaif* had announced a new rule of constitutional law, it was not made retroactively applicable to cases on collateral review by the Supreme Court"); *Shobe*, 2019 WL 3029111, at *2 (stating that *Rehaif* has not been made retroactively applicable to cases on collateral review); *Moore*, 2019 WL 4394755, at *2 (stating that the Supreme Court's decision in *Rehaif* "did not announce a new rule of constitutional law made retroactive to cases on collateral review"); and *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (explaining that the Supreme Court in *Rehaif* did not announce a new rule made retroactive; rather, it merely interpreted 18 U.S.C. § 922(g) to require the government to show that the defendant knew he had the relevant status when he possessed a firearm). It therefore does not appear that movant's motion can be considered timely under 28 U.S.C. § 2255(f)(3).

In sum, it appears movant filed the instant motion more than one year after the expiration of the limitations period set forth in 28 U.S.C. § 2255(f)(1). It also appears that § 2255(f)(3) is inapplicable because movant's case is factually distinguishable from *Rehaif* and because *Rehaif*

5

did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review.  The Court will therefore order movant to show cause, in writing and within 30 days of the date of this order, why his § 2255 motion should not be denied and dismissed as time barred. Movant's failure to timely respond will result in the denial of his motion and the dismissal of this case, without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2255 motion should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 7th day of May, 2020.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

6