**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| KAMUNDE A. SCOTT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:20-CV-00098 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant's motion for appointment of counsel in his action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 7). It is well established that a movant in a § 2255 proceeding has no constitutional right to appointment of counsel. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999). The appointment of counsel in a § 2255 proceeding is a matter solely within the discretion of the court. United States v. Degand, 614 F.2d 176 (8th Cir. 1980); Tweedy v. United States, 435 F.2d 702, 703-04 (8th Cir. 1970) (citing Fleming v. United States, 367 F.2d 555 (5th Cir. 1966)). Normally these collateral attacks do not warrant the appointment of counsel. Tweedy, 435 F .2d at 703-04.

In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented nonfrivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See

Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). In the present case, the Court has carefully examined the claims raised by Movant in his § 2255 motion and reviewed the underlying criminal file. Based on this review, the Court concludes that appointment of counsel is not warranted in this case.

It also appears that Movant wants to file a motion for compassionate release under the CARES Act. Such a motion must be filed in his underlying criminal case. At the time of filing, the Court will then consider whether counsel should be appointed to file an amended motion for compassionate release on Movant's behalf.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [7] is **DENIED**.

Dated this 2nd day of October, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**