UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KAMUNDE A. SCOTT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:20CV98 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Kamunde A. Scott's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1]. The United States of America has responded to the Motion in opposition pursuant to the Court's Show Cause Order [ECF No. 6]. Movant filed a reply [ECF No. 8]. The motion is therefore, fully briefed and ready for disposition. For the reasons set forth below, Movant's Motion will be denied.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

### Procedural Background

Movant was charged on May 18, 2017, by a federal grand jury for one count of possessing a firearm after having been convicted previously of a felony crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Scott*, Case No. 1:17CR48 JAR, ECF No. 2.[1]

---

[1] Filings in Movant's criminal case will be referenced hereinafter as "Crim. ECF No."

The Guilty Plea Agreement

On September 18, 2017, Movant pled guilty to Count One of the Indictment, pursuant to the Guilty Plea Agreement with the United States. *See* Crim. ECF No. 29.

Pursuant to the Guilty Plea Agreement, Movant agreed to plead guilty to Count One of the Indictment in exchange for the United States' agreement "that no further federal prosecution [would] be brought in this District relative to the defendant's possession of a firearm on April 1, 2017, of which the Government is aware at this time." *Id.* at 1.

Defendant admitted to knowingly violating Title 18, United States Code, Section 922(g)(l), and admitted there was a factual basis for the plea and further fully understands that the elements of the crime are:

> One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> Two, the defendant thereafter knowingly possessed a firearm; and
>
> Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

*Id.* at 2.

The parties agreed that the base offense level was "found in Section 2K2.1 and depend[ed] on the nature of the firearm, the defendant's criminal history and other factors therein." *Id.* at 6.

Movant further agreed to his following prior felony convictions:

> On April l, 2017, defendant Kamunde A. Scott had previously been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year:
>
> (1) On May 12, 2009, in the Circuit Court of Mississippi County, Missouri, in Case Number 08MI-CR00591-0l, for the Class B felony of Possession of a Controlled Substance with Intent to Distribute;
>
> (2) On May 12, 2009, in the Circuit Court of Mississippi County, Missouri, in Case

Number 08MI-CR00342-0l, for the Class C felony of Assault in the Second Degree;

(3) On December 10, 2004, in the Circuit Court of St. Louis City, Missouri, in Case Number 031-4106, for the Class B felony of Attempted Robbery First Degree (two counts), and the felony of Armed Criminal Action (two counts).

*Id.* at 3; *See also,* Indictment, Crim. ECF No. 2.

Movant agreed to waive "all rights to appeal all non- jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." Plea Agreement, Crim. ECF No. 29 at 8. Movant further agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.*

Movant also agreed that he was "fully satisfied with the representation received from defense counsel;" had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel;" and defense counsel had "completely and satisfactorily explored all areas which [he] had requested relative to the government's case and any defenses." *Id.* at 11. Movant acknowledged having voluntarily entered into both the plea agreement and the guilty plea, and that his guilty plea was made of his own free will. *Id.*

Sentencing

On January 10, 2019, Movant was sentenced. Movant's attorney told the Court that he and Movant had an opportunity to read the Final Presentence Investigation Report (PSR) and that they had no objections to the PSR. *See* Sentencing Transcript, Crim. ECF No. 51 at 6-7. The PSR determined the base offense level to be 24 pursuant to Section 2K2.1 of the United States Sentencing Guidelines (U.S.S.G.), as Defendant committed any part of the instant offense

3

subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Crim. ECF No. 34 at 5. After adjustments, Defendant's total offense level was 27. *Id.* The Court accepted these calculations and the PSR in its entirety and determined a guidelines imprisonment range of 120 to 150 months. *See* Sentencing Transcript, Crim. ECF No. 51 at 8. Because the maximum sentence for the offense is 120 months, the Court found the guideline provisions to be 120 months in the Bureau of Prisons (BOP). *Id*. The Court sentenced Movant to a term of imprisonment for 108 months in the BOP to be followed by a period of three years of supervised release. *Id.* at 17-18.

Movant did not appeal his conviction or sentence.

## Claims for Relief

Movant raises two grounds for post-conviction relief. First, Movant contends that his plea was not knowingly and intelligently made because he did not admit to all of the elements of 18 U.S.C. § 922(g)(1) pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Second, Movant claims in the alternative that his Base Offense Level should be reduced to 14 from 24.

## Legal Standards

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law,

moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

*Rehaif*

In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for firearms-possession offenses under 18 U.S.C. § 922(g). 139 S. Ct. at 220. The Supreme Court held that, in order to be convicted under 18 U.S.C. § 922(g), the United States "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. In the case of Movant's felon in possession charge, this means the United States had to prove that he knew at the time he possessed the firearm that he "has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *See also, United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020). This "knowledge can be inferred from circumstantial evidence." *Rehaif,* 139 S. Ct. at 2198.

Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion

"'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Discussion

Ground One

First, Movant contends that his plea was not knowingly and intelligently made because he did not admit to all of the elements of 18 U.S.C. § 922(g)(1) pursuant to *Rehaif*. The Court finds Movant's claim under *Rehaif* should be dismissed as waived and procedurally defaulted. The claim also fails on its merits.

*Waiver*

In his Guilty Plea Agreement, Movant waived his § 2255 right to raise issues except for claims of prosecutorial misconduct or ineffective assistance of counsel, which he does not raise here.[2] *See* Plea Agreement, Crim. ECF No. 29 at 8. It is well established a defendant may waive

---

[2] Even if Movant did assert an ineffective assistance of counsel claim to circumvent the plea agreement waiver, his claim would still fail for the reasons stated in the Government's response. *See Fields v. United States,* 201 F.3d 1025, 1027 (8th Cir. 2000) ("If counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, then counsel's failure to anticipate a rule of law that has yet to be articulated by the

6

his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. *Andis*, 333 F.3d at 890–92 (citing *DeRoo*, 223 F.3d at 923–24). The Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id.* at 891.

Here, Movant entered into the Guilty Plea Agreement freely, voluntarily, and intelligently, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. *See* Plea Agreement, Crim. ECF No. 29 at 8; Plea Transcript, Crim. ECF No. 49 at 22. Movant has not established that enforcement of the waiver would result in a "miscarriage of justice." Nor does Movant allege that he is actually innocent of the offenses to which he pled guilty. Indeed, a review of the acts admitted by Movant in the Guilty Plea Agreement, PSR, and confirmed during the change of plea and sentencing hearings, contradict any claim of actual innocence.

Specifically, Movant does not suggest that he was actually unaware of his status as a convicted felon at the time he possessed the firearm, nor could he credibly do so. Movant admitted in the Guilty Plea Agreement, and under oath during the plea colloquy, that prior to the offense to which he was pleading guilty, he "had been convicted of a crime punishable by

---

governing courts surely cannot render counsel's performance professionally unreasonable."); and *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (not ineffective assistance of counsel to "fail[] to anticipate a change in the law").

7

imprisonment for a term exceeding one year…" *See* Plea Agreement, Crim. ECF No. 29 at 2; Plea Transcript, Crim. ECF No. 49 at 14-16.

The uncontested criminal history section of his PSR lists that Movant was convicted of eight state felony offenses.[3] *See* Crim. ECF No. at 7-10. Defendant's prior felony convictions and his sentences imposed in the Missouri Department of Corrections (DOC) listed in the PSR were: (i) two counts of attempted robbery in the first degree (six years imprisonment), two counts of armed criminal action (three years imprisonment) and two counts of felony damage to jail property (two years imprisonment), ran concurrently to each other, on December 10, 2004; and, (ii) felony possession of a controlled substance with intent to distribute (five years imprisonment) and assault in the second degree (five years imprisonment), ran concurrently to each other, on May 12, 2009. *Id.*

In light of these facts, there is no "plausible argument" that Movant, after previously pleading guilty to several felonies and serving prison sentences longer than one year for such offenses, was unaware of his status as a person convicted of an offense punishable by more than a year imprisonment. *See Clay v. United States,* 833 F. App'x 663, 663–64 (8th Cir. 2021) (per curiam) (holding that "the record forecloses any plausible argument that [Movant] did not know he was a felon" because he spent "more than a year in prison on at least five separate occasions, [and] his criminal history would have undoubtedly provided sufficient evidence to prove [he] knew his status as felon at the time he committed this federal offense").

Because of Movant's admissions, the issue of *Rehaif* – that of the Government's burden of proving the defendant knows his status – is not relevant here. *Jackson v. United States,* 2022 WL

---

[3] With the exception of the two counts of felony damage to jail property, each of Defendant's prior felony convictions were also listed in the Indictment and plea agreement. *See* Indictment, Crim. ECF No. 2; Plea Agreement, Crim. ECF No. 29 at 3.

4078867, at *9 (citing cases and explaining that *Rehaif* did not apply to Movant's motion because he pled guilty to the charge in a plea agreement which set forth the elements of the offense). Further, Movant fails to allege any new and reliable evidence that indicates his innocence. As a result, Movant has not shown, in light of all the evidence, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted.

Thus, the Court finds Movant has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

*Procedural Default*

A defendant may properly claim in a § 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." *Id.* at *10 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). Because *Rehaif* narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1267 (2016).

As a general rule, however, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, Movant never raised a knowledge-of-prohibited-status objection in his criminal case and did not file an appeal. As a result, Movant's *Rehaif* claim is subject to procedural default. Movant has made no showing of cause and actual prejudice needed to excuse the procedural default, nor has he alleged actual innocence. *Williams v. United States,* 2022 WL 4299835, at *8-9 (E.D. Mo. Sept. 19, 2022) (citing *Bousley,* 523 U.S. at 622). Moreover, any claim of actual innocence by

Movant would fail as the notion that he was somehow unaware of his status as a convicted felon is implausible, as discussed above. Movant also cannot show prejudice since he admitted in his plea agreement, and again at the change of plea hearing, that he had been previously convicted of a crime punishable by more than a year's imprisonment. Further, as discussed *infra*, the PSR, which Movant did not object to, specifically identified eight crimes for which he was punished with, and served in the DOC, a term of imprisonment exceeding one year.

As the Supreme Court observed when rejecting a *Rehaif* claim made on direct appeal, "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). The Eighth Circuit further observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *Caudle*, 986 F.3d at 922 (citation omitted); *See Also, United States v. Welch,* 951 F.3d 901, 907 (8th Cir. 2020) (finding, after *Rehaif*, it was not reasonably probable for Movant to show his substantial rights were affected because he had several felony convictions in which he previously received and served prison sentences longer than one year); and, *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding Movant knew he was a convicted felon at the time he unlawfully possessed a firearm not only because he stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in prison for a drug offense, in addition to a subsequent 15-month sentence after his supervised release was revoked).

Thus, the Court finds Movant cannot establish either cause and prejudice to excuse his procedural default or actual innocence. As a result, his *Rehaif* claim is procedurally defaulted.

*Merits*

Even if Movant's claim was not procedurally defaulted, it would fail on the merits. A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. *Id.* "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams*, 2022 WL 4299835, at *9 (quoting *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988)). As discussed above, the record in the criminal case clearly establishes that Movant knowingly, intelligently, and voluntarily entered into his plea agreement and pled guilty to the offense of felon in possession of a firearm.

For all these reasons, Ground One will be denied.

Ground Two

Second, Movant claims in the alternative that his Base Offense Level should be reduced to 14 from 24. He argues that his convictions for attempted first-degree robbery should not have counted to enhance his Base Offense Level under U.S.S.G. § 2K2.1 since it was an "attempted" offense. The Government argues this claim is both procedurally defaulted and time-barred because Movant did not file a direct appeal, and it was filed more than one year after the judgment was entered and became final. The Government contends even if this claim was

11

considered on merits, this argument still provides him no relief. The Court agrees.

On December 18, 2017, Movant was sentenced by this Court and his judgment of conviction became final on or about January 18, 2018. Movant did not file a direct appeal. Additionally, as discussed above, Movant waived this claim pursuant to the parties' Plea Agreement. *See* Crim. ECF No. 29 at 8. The Court finds that Ground Two is procedurally defaulted because he did not raise it on direct review and time-barred pursuant to 28 U.S.C. § 2255(f)(1). The Court further finds that he has made no showing of cause and actual prejudice needed to excuse the procedural default.

Even if the Court were to address Movant's claim on the merits, it still fails. The U.S.S.G. establishes a higher base offense level for a felon-in-possession who has a prior conviction for a "crime of violence or a controlled substance offense." *See* U.S.S.G. § 2K2.1(a)(4)(A). The Eighth Circuit has already addressed if a Missouri conviction for attempted first degree robbery should qualify as an enhancement in *United States v. Shine*, 910 F.3d 1061, 1063 (8th Cir. 2018). In *Shine*, the Court held that Defendant's prior Missouri conviction of attempted first-degree robbery was a crime of violence under the career offender Guideline, warranting an enhancement to his base offense level under U.S.S.G. § 2K2.1(a). *See Id.* at 1064 ("It makes no difference that [Movant's] conviction was for attempted first-degree robbery rather than the completed crime."); *See Also, United States v. Minnis*, 872 F.3d 889, 892 (8th Cir. 2017) (holding that a conviction under Missouri's attempted first-degree assault statute qualifies as a crime of violence).

For all these reasons, Count Two will be denied.

12

## Conclusion

Based upon the foregoing analysis, none of Movant's claims entitle him to relief. Movant's motion will be denied in its entirety.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

13

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Kamunde A. Scott's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 21st day of September, 2023.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**